UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MALISSA K. FRITZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:07-CV-115-TS |
| | ) |
| RICHARD COFFEY, INDIANA INDOOR | ) |
| FOOTBALL, LLC, JEREMY GOLDEN, | ) |
| GOLDEN LIGHT ENTERTAINMENT, LLC, | ) |
| and INTERNAL REVENUE SERVICE, | ) |
| | ) |
| Defendants. | ) |

**OPINION and ORDER**

Before the Court is Defendant Internal Revenue Service's Motion to Dismiss [DE 25], filed on July 18, 2007. The basis of the motion is that the Court lacks subject matter jurisdiction over this case.

**BACKGROUND**

On March 6, 2007, the Plaintiff, Melissa K. Fritz, filed a complaint [DE 1] in Allen Superior Court. The complaint named as Defendants Richard Coffey; Indiana Indoor Football, LLC (IIF); Golden Light Entertainment, LLC; Jeremy Golden (collectively with Golden Light "the Golden Parties"); Hicksville Bank; and the Internal Revenue Service. The complaint alleges the following: Defendant Coffey owned and managed Defendant IIF, which operated a professional football franchise in Fort Wayne, Indiana, and leased facilities from the Allen County War memorial Coliseum for its operations. (Compl. ¶¶ 8–10.) The Plaintiff was an employee of Defendant IIF from February 15, 2003, through July 1, 2006, but she was not paid $25,750 in wages owed to her despite her demands. (*Id.* ¶¶ 11–16.) On October 5, 2006, the

Plaintiff filed a Sworn Statement of Intention to Hold a Lien with the Allen County Recorder's Office. (*Id.* ¶ 17.) The lien was made under Indiana Code § 32-28-12-1, *et seq.*, the corporate employee's lien. (*Id.*) On the same date, Defendant Coffey in his capacity as Manager of Defendant IIF, signed a promissory note for the wages owed to Plaintiff, granting her "a lien and security interest on all proceeds from any sale of any property of Indiana Indoor Football, L.L.C., including its rights under any franchise agreement." (Promissory Note, DE 1 at 11; Compl. ¶ 19.) On October 11, 2005, the Planitiff filed a Uniform Commercial Code Financing Statement with the Indiana Secretary of State. (Compl. ¶ 20.)

The Plaintiff further alleges in her complaint that: Defendant Coffey and IIF entered into a contract of sale with Defendant Golden Light Entertainment calling for Golden Light Entertainment to purchase "100% ownership of IIF," (*id.* ¶ 22), for $330,000 (*id.* ¶ 23). Later, the two parties signed a new agreement "attempting to characterize the purchase as an 'Asset Purchase Agreement,'" (*id.* ¶ 24.) for $180,000 (*id.* ¶ 25). On October 31, 2006, Defendant Coffey repudiated the IIF lease with the Coliseum, and on the same date, Defendant Golden asked the Coliseum to enter into a lease agreement with him and his company under the same terms and conditions. (*Id.* ¶¶ 26–27). Defendants Golden Parties then obtained a conditional commitment for a loan from Defendant Hicksville Bank. (*Id.* ¶ 28.) On December 5, 2006, Defendant Golden Light entered into a lease with the Coliseum. (*Id.* ¶ 29.)

Count I in the complaint alleges that IIF/Coffey failed to pay the Plaintiff wages in violation of Ind. Code § 22-2-5. Count II seeks declaratory judgment that the Plaintiff's secured interest in the assets of IIF are superior to the interests of all other parties, including Defendant IRS. Count III alleges conversion against Coffey and the Golden Parties for transferring assets

from Coffey to the Golden Parties when the Plaintiff had a security interest in those assets. Count IV seeks replevin, a court order that the Golden Parties turn over to the Plaintiff all assets it received from Coffey/IIF.

On May 18, 2007, Defendant Internal Revenue Service removed [DE 3] the case to this Court pursuant to 28 U.S.C. § 1444. On June 28, 2007, before any Answers had been filed in the case, Defendants Golden Parties filed a motion to dismiss [DE 22] for failure to state a claim. On July 18, 2007, Defendant IRS filed a motion to dismiss [DE 25] for lack of subject matter jurisdiction. On July 26, 2007, the Plaintiff filed a Response [DE 31] to both dismissal motions. On August 6, 2007, Defendant IRS filed its Reply [DE 33], and on August 9, Defendants Golden Parties filed a Reply [DE 38]. On August 8, Defendant Hicksville Bank filed a Disclaimer of Interest and Request for Dismissal [DE 36], which the Court granted [DE 39] on August 10.

Subsequently, Defendants Coffey and IIF filed an Answer and Crossclaims against Defendants Golden Parties, who subsequently answered and filed their own crossclaims against Defendants Coffey and IIF.

**STANDARD OF REVIEW**

A case may be dismissed under Federal Rule of Civil Procedure 12(b)(1) when the court lacks jurisdiction over the subject matter. "Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *Illinois v. City of Chi.*, 137 F.3d 474, 478 (7th Cir. 1998).

When considering a motion to dismiss for lack of subject matter jurisdiction, a court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of

the plaintiff. *Alicea-Hernandez v. Catholic Bishop of Chi.*, 320 F.3d 698, 701 (7th Cir. 2003). The movant may also use affidavits and other material to support its motion if the complaint is formally sufficient but the contention is that there is in fact no subject matter jurisdiction. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003). The plaintiff has the obligation to establish jurisdiction by competent proof. *Sapperstein v. Hager*, 188 F.3d 852, 855–56 (7th Cir. 1999). The presumption of correctness accorded to a complaint's allegations falls away on the jurisdictional issue once a defendant proffers evidence that calls the court's jurisdiction into question. *Id.* at 856.

## DISCUSSION

Because the Plaintiff has named the federal government as a Defendant in the Plaintiff's claim under 28 U.S.C. § 2410[1], the Court must examine two issues.

> To maintain a viable claim against the United States in federal court, a party must satisfy two requirements. In particular, the plaintiff not only must identify a statute that confers subject matter jurisdiction on the district court but also a federal law that waives the sovereign immunity of the United States to the cause of action. Failure to satisfy either requirement mandates the dismissal of the plaintiff's claim.

*Macklin v. United States*, 300 F.3d 814, 819 (7th Cir. 2002) (citations omitted).

These issues are tied together in an odd way in this removal case where most of the issues are state law claims. The Court must first determine if there is subject matter jurisdiction over the case in general. The Court then must consider whether the federal government, Defendant IRS, has waived its sovereign immunity. If it has not waived sovereign immunity, it

---

[1] The Plaintiff did not invoke this statute in her complaint, but concedes she is bringing a quiet title action under this statute in her Response to Defendant IRS's motion for dismissal. (*See* Pl. Mem. in Supp. of Resp. to Mots. to Dismiss 3, DE 32.)

must be dismissed. If Defendant IRS is dismissed, there would no longer be a federal question over which the Court had original jurisdiction. If so, that would leave the Court with the discretionary decision of whether or not to decline to exercise supplemental jurisdiction over the remaining state law claims.

### A.     Subject Matter Jurisdiction

The parties' invocation of 28 U.S.C. § 2410 does not create subject matter jurisdiction. "All the quiet-title act does is waive sovereign immunity. It does not authorize quiet-title suits; it does not confer federal jurisdiction over them; it merely clears away the obstacle that sovereign immunity would otherwise place in the path of such a suit." *Harrell v. United States*, 13 F.3d 232, 234 (7th Cir. 1993). However, the Plaintiff's complaint can be read to find subject matter jurisdiction under 28 U.S.C. § 1340, ("The district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue."), even though that statute was not mentioned in the complaint. *See Macklin*, 300 F.3d at 820 (finding subject matter jurisdiction via 28 U.S.C. § 1340 even though the plaintiff did not cite the statute in his complaint); *Harrell*, 13 F.3d at 234 (same).

While most of the Plaintiff's claims involving liens and wages are based on state law, the Plaintiff's declaratory judgment claim in Count II, that her lien has priority over the tax liens of Defendant IRS, makes the matter a question of federal law. *Aquilino v. United States*, 363 U.S. 509, 514 (1960) ("[W]e have consistently held" that "federal law . . . determines the priority of competing liens asserted against the taxpayer's 'property' or 'rights to property.'"); 26 U.S.C. § 6323; *Commercial Nat'l Bank of Chi. v. Demos*, 18 F.3d 485, 489 n.7 (7th Cir. 1994). That

establishes the Court's jurisdiction over a federal question. 28 U.S.C. § 1331. The Court has jurisdiction over the remaining pendent state law claims via supplemental jurisdiction. 28 U.S.C. § 1367(a).

**B.     Sovereign Immunity**

The Court must also examine whether the federal government has waived sovereign immunity.

> It is axiomatic that the United States as sovereign cannot be sued without its consent. If the Government does waive its sovereign immunity, it alone dictates the terms and conditions on which it may be sued. Consequently, depending upon the statute at issue, a plaintiff may have to satisfy certain technical pleading requirements, *see* 28 U.S.C. § 2410(b), to waive his right to a jury trial, *see* 28 U.S.C. § 2402, or to file his claim within an applicable statute of limitations period, *see* 28 U.S.C. § 2409a(g), to invoke properly the United States' waiver of sovereign immunity.

*Macklin*, 300 F.3d at 820 (citation omitted).

A plaintiff suing the government under 28 U.S.C. § 2410 must also have a property right in the property that is subject to the lien, *Harrell*, 13 F.3d at 234 (7th Cir. 1993) ("Without a colorable title, he has no basis for a quiet-title suit.") (citing *Wagner v. United States*, 573 F2d 447, 454 (7th Cir. 1978)), as Defendant IRS correctly notes.

The Plaintiff has two possible property interests in the assets, or proceeds of the sale of assets, of IIF, now controlled by the Golden Parties. The first is through a lien filed under Ind. Code § 32-28-12-1, the "Corporate Employee's Lien Statute." Defendant IRS argues that the lien in invalid, leaving the Plaintiff without a property right and no way to get sovereign immunity waived. The second possible property interest is through a security interest from a promissory note that was signed by Defendant Coffey on behalf of Defendant IIF. Defendant IRS argues that

whatever interest the Plaintiff has by way of the promissory note is not a sufficient property interest to waive sovereign immunity.

**1.**     *Statutory Lien*

The Plaintiff's statutory lien calls for statutory interpretation. Indiana courts use the following approach for statutory interpretation.

> When a statute is clear and unambiguous, we need not apply any rules of construction other than to require that words and phrases be taken in their plain, ordinary, and usual sense. Clear and unambiguous statutes leave no room for judicial construction. However when a statute is susceptible to more than one interpretation it is deemed ambiguous and thus open to judicial construction. And when faced with an ambiguous statute, other well-established rules of statutory construction are applicable. One such rule is that our primary goal of statutory construction is to determine, give effect to, and implement the intent of the Legislature. To effectuate legislative intent, we read the sections of an act together in order that no part is rendered meaningless if it can be harmonized with the remainder of the statute. We also examine the statute as a whole. And we do not presume that the Legislature intended language used in a statute to be applied illogically or to bring about an unjust or absurd result.

*City of Carmel v. Steele*, 865 N.E.2d 612, 618 (Ind. 2007).[2]

The corporate employees' lien provides that:

> the employees of a corporation doing business in Indiana, whether organized under Indiana law or otherwise, may have and hold a first and prior lien upon:
>     (1) the corporate property of the corporation; and
>     (2) the earnings of the corporation;
> for all work and labor done and performed by the employees for the corporation from the date of the employees' employment by the corporation. A lien under this section is prior to all liens created or acquired after the date of the employment of the employees by the corporation, except as otherwise provided in this chapter.

---

[2] The Court is relying on Indiana's statutory interpretation approach because the parties' substantive rights are based on Indiana law. *See Maher v. Harris Trust and Savings Bank*, 506 F.3d 560, 562 (7th Cir. 2007) (applying Illinois statutory interpretation approach "[b]ecause the parties' substantive rights are based on Illinois property law"). Because there is no ambiguity in this statute, using general, federal principles of statutory construction would lead to the same result in this case. *See United States v. Vitrano*, 405 F.3d 506, 509 (7th Cir. 2005) ("In approaching a question of statutory interpretation, we begin with the plain wording of the relevant statutory provisions.").

7

Ind. Code § 32-28-12-1(a). Defendant IRS is correct that this statute is clear that it applies only to corporations, which means it is ineffective and invalid against Defendant IIF, which is a limited liability company. The plain text mentions only "corporations" and includes no references to other business entities in general or particular examples, such as limited liability companies or partnerships. This approach is reinforced by the inclusion of limited liability companies and other business entities in other Indiana lien statutes. *See* Ind. Code § 22-2-10-1 (2008) (employees of "any company, corporation, limited liability company, firm[,] or person" that declares bankruptcy will be preferred creditors); § 32-28-3-1(d) (2008) (stating that a "person, firm, limited liability company, or corporation" may file a mechanic's lien in certain circumstances); § 9-22-5-15(a) (2008) (stating that an "individual, a firm, a partnership, a limited liability company, or a corporation" may file a lien for vehicle repair work or towing services); § 32-33-4-3(a) (2008) (a "person, a firm, a partnership, an association, a limited liability company, or a corporation" maintaining a hospital has a lien on claims involving patients in certain circumstances).

      The Plaintiff argues that the Court should extend this statute's protection to limited liability companies because of the age of the law, to give effect to legislative intent, and to avoid absurdity and hardship. The Plaitniff does not cite to any state or federal cases interpreting this lien statute to apply to limited liability companies, nor could this Court find any. A court is not empowered to extend a statute beyond its wording. "Clear and unambiguous statutes leave no room for judicial construction." *Steele*, 865 N.E.2d at 618. This is even more the case when the legislature has included limited liability companies in other lien-related statutes but has not (for whatever reason) done so in the lien statute at issue in this case. Under Indiana law, a court is

only to try to give effect to legislative intent when the statute is ambiguous, which is not the case here. Defendant IRS's interpretation brings an unfavorable result for the Plaintiff, but that result is not absurd or unjust.  As a result, the Court finds that the Plaintiff's statutory lien is invalid and ineffective, and therefore it does not provide the Plaintiff a property interest that waives Defendant IRS's sovereign immunity.

**2.**     *Security Interest from Promissory Note*

The Plaintiff also argues that she has a security interest arising from a promissory note, and that this "voluntary lien" waives Defendant IRS's sovereign immunity. The promissory note signed by Defendant Coffey on behalf of Defendant IIF states that the note "granted a security interest in personal property as stated in the Additional Provisions" to the Plaintiff. (Promissory Note, DE 1 at 11.) Under the Additional Provisions heading, the note states:

> IIF grants Payee a lien and security interest on all proceeds from any sale of any property of Indiana Indoor Football, L.L.C., including its rights under any franchise agreement. IIF and Guarantor further represent[] that under any contract sale of IIF's assets paid over a periods less than eighteen month[s], the terms of this Note shall be deemed amended to state that payments shall be made in equal monthly installments over such shorter period., Finally, in the event IIF is paid the entire amount due under a sale of its assets, IIF will immediately pay the remaining amount owed under this Note.

(*Id.*)

The Plaintiff's argument for how this security interest waives the sovereign immunity of Defendant IRS is confined to one or two paragraphs in her Memorandum in Support of Response to Motions to Dismiss (DE 32).

> In addition to claiming a lien under the corporate employees' lien statute, Malissa K. Fritz was also granted a lien and security interest and proceeds of any sale of property of Indiana Indoor Football, LLC; effectively a lien on all assets. The promissory note with the grant of the security interest was attached as Exhibit B to the complaint. On October

9

> 11, 2006, Malissa K. Fritz filed a UCC financing statement perfecting her security interest. A true and accurate copy of that financing statement was attached as Exhibit C to the complaint.
>
> Malissa Fritz's security interest in the assets of Indiana Indoor Football, LLC are based both on a statutory lien and a voluntary lien granted by Indiana Indoor Football. The motions to dismiss ignore the grant of the voluntary lien entirely. Her security interest is valid and priority of any competing lien must be determined by the court. As the Internal Revenue Service states in its own brief, sovereign immunity is waived in a quiet title action to determine the lien priorities.

(Pl. Mem. in Supp. of Resp. to Mots. to Dismiss 3, DE 32). The Plaintiff has failed to cite to any legal authority to address at least two issues that are important for her argument: first, what kind of property right or interest was created by the grant of the security interest in the promissory note; and second, whatever that property right or interest may be, is it sufficient to waive the sovereign immunity of Defendant IRS? On the first issue, for example, the Plaintiff did not cite to the relevant Indiana Code provisions to support her claim that she "filed a UCC filing statement perfecting her security interest." (*Id.*) This is important because "'perfection' is an additional step which makes the security interest against third parties." *Citizens Nat'l Bank of Evansville v. Wedel*, 489 N.E.2d 1203, 1206 (Ind. Ct. App. 1986). Related to that issue, the Plaintiff did not address how the UCC financing statement perfects the security interest granted in the promissory note when the financing statement refers to the sworn statement filed with the Allen County recorder. This sworn statement invoked the corporate employees lien statute, which, as discussed above, is invalid and ineffective.

This dearth of explanation leaves the Court at a disadvantage. The Court cannot determine the priority of competing liens when a party has not demonstrated it has a valid lien. "We repeatedly have made clear that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived (even where those arguments raise

10

constitutional issues).." *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991). Additionally, the plaintiff has the burden and obligation in this case to show there is a waiver of sovereign immunity. "A party who sues the United States has the burden of pointing to a congressional act that gives consent." *Cole v. United States*, 657 F.2d 107, 109 (7th Cir. 1981) (holding that plaintiff failed to meet her burden that sovereign immunity was waived). Further, because this is ultimately an issue of subject matter jurisdiction (by way of sovereign immunity), the plaintiff carries the burden on that point. *United Phosphorus, Ltd., v. Angus Chemical Co.*, 322 F.3d 942, 946 (7th Cir. 2003) ("The burden of proof on a 12(b)(1) issue is on the party asserting jurisdiction."); *Sapperstein v. Hager*, 188 F.3d 852, 855–56 (7th Cir. 1999) ("The plaintiff has the obligation to establish jurisdiction by competent proof."). The Plaintiff has failed to carry these burdens or satisfy these obligations. As a result, the Court has no choice but to find that Defendant IRS retains its sovereign immunity and cannot be sued here under 28 U.S.C. § 2410.

## CONCLUSION

Because this Court has found that Defendant IRS has not waived its sovereign immunity, Defendant IRS must be dismissed from this case. *Macklin v. United States*, 300 F.3d 814, 819 (7th Cir. 2002) (failure to find a law that waives sovereign immunity "mandates dismissal of the plaintiff's claim"). With Defendant IRS dismissed from the case, the issue of the priority of the Plaintiff's lien(s) versus the federal government's liens is no longer before the Court. That federal question was the only claim over which the Court had original jurisdiction. As a result, this Court now has the discretion to "decline to [continue to] exercise supplemental jurisdiction"

over the pendent state law claims, 28 U.S.C. § 1367(c)(3), and to remand them to state court, 28 U.S.C. § 1447(c), which is a more appropriate forum for their resolution. *Williams v. Rodriguez*, 509 F.3d 392, 404 (7th Cir. 2007) ("As a general matter, when all federal claims have been dismissed prior to trial, the federal court should relinquish jurisdiction over the remaining pendant state claims."); *Cadleway Properties, Inc. v Ossian State Bank*, 478 F.3d 767, 769–70 (7th Cir. 2007) ("When the federal claim drops out before trial . . . and only the supplemental jurisdiction provides any basis for decision, then remand is presumptively appropriate."). The Plaintiff has not provided any information that dismissal and then remand of the state law claims to state court would be inappropriate due to the three exceptions to the general rule of avoiding resolution of pure state law claims in federal court. *See Williams*, 509 F.3d at 404. Additionally, a better course of action is for the Plaintiff to pursue her claims against the Defendants in state court, and then, if she prevails, to take that victory to the IRS and its liens. Therefore, the Court finds it appropriate to dismiss the remaining claims and remand the case to state court. This makes it unnecessary to consider and decide the other pending motion in the case, Defendants Golden Parties' Motion to Dismiss for Failure to State a Claim [DE 22].

For the foregoing reasons, Defendant Internal Revenue Service's Motion to Dismiss [DE 25] is GRANTED. As a result, the Motion to Dismiss for Failure to State a Claim [DE 22] by Defendants Golden Parties is DENIED AS MOOT. The remaining state law claims are DISMISSED, and this cause is REMANDED to state court.

So ORDERED on June 16, 2008.

   s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT